**DENVER UNITED STATES NATIONAL BANK, as trustee of the Fairmount Mausoleum Endowment Fund, the Fairmount-Riverside Endowment Fund, and the Fairmount Supplemental Endowment Fund, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8689.**

United States District Court
D. Colorado.

June 4, 1965.

Dawson, Nagel, Sherman & Howard, Bruce L. Evans, and Hover T. Lentz, Denver, Colo., for plaintiff.

Burton A. Schwalb, Washington, D. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CHILSON, District Judge.

This action was tried to the Court on May 25, 1965. The Court heard the evidence and argument of counsel and took the matter under advisement for the preparation of written findings of fact and conclusions of law.

This is an action for the refund of federal income taxes assessed against and paid by the plaintiff Denver United States National Bank, as trustee of certain trusts.

### FINDINGS OF FACT

The Court makes the following findings of fact.

The Court incorporates as a part of its findings of fact the uncontroverted facts set forth in the pre-trial order and which facts are set forth in Appendix A.

The Fairmount Cemetery Association is a Colorado profit corporation which for many years has been engaged in the operation and maintenance of the Fairmount and Riverside Cemeteries and the Fairmount Mausoleum, all located in or near Denver.

As a part of its operations the Association sells burial lots and mausoleum compartments, together with perpetual care of the same.

To accomplish the perpetual care, the Association has caused to be formed the three trusts here involved, and agrees with the purchasers to pay into the appropriate trust not less than ten percent of the sales price of the lots or mausoleum compartments.

The trusts are irrevocable and although the Association has reserved in the trust instruments certain prerogatives, the Court finds that the trusts are independently operated and that the corpus of the trusts can never inure to the benefit of the Association or its stockholders.

The trust agreements provide for payment of the income to the Association for use in the care and maintenance of the cemeteries and mausoleum.

The income received by the Association, although commingled with other funds in the Association's bank accounts, has been used in its entirety for the care and maintenance of the cemeteries and the mausoleum.

The trust agreements provide that in the event of the failure of the Association to fulfill its obligations for perpetual care, the trustee may apply to a court of competent jurisdiction for the designation of some person or organization to receive and apply the trust income for perpetual care of the cemeteries and the mausoleum.

The income and corpus of the trusts are committed irrevocably and exclusively to providing perpetual care of the cemeteries and the mausoleum.

The three trusts are not required by their terms to distribute capital gain income to the Association, and the trustee has retained all capital gains and added the same to the corpus of the trusts.

## CONCLUSIONS OF LAW

The Court concludes as a matter of law:

1. The income and corpus of the trusts here involved are irrevocably committed to providing perpetual care of the cemeteries and the mausoleum and can be used for no other purpose.

2. Providing for the perpetual care of the cemeteries and the mausoleum is a cemetery function, and the trusts here involved are cemetery companies within the purview of Section 501(c) (13) of the Internal Revenue Code of 1954.

3. The beneficiaries of the trusts are the purchasers of the burial lots and compartment space in the mausoleum and their heirs.

4. The Association is not a beneficiary of the trusts.

5. The payment of the income of the trusts to the Association is in the nature of compensation for services rendered to the trusts and their beneficiaries in caring for and maintaining the cemeteries and the mausoleum. No part of the corpus of the trusts can inure to the benefit of the Association or its stockholders.

6. The trusts are not operated for profit.

7. The capital gains of the trusts are not income which can be used for perpetual care but become a part of the corpus of the trusts.

8. In the taxable years here in question each of the trusts was a cemetery company which was not operated for profit, and is exempt from the taxes assessed by virtue of Section 501(c) (13) of the Internal Revenue Code of 1954.

9. The plaintiff is entitled to a refund of the taxes assessed as prayed for in the complaint.

It is therefore ordered that this matter is continued to 10:30 A.M. on Friday, June 11, 1965, for a further hearing to determine the exact amount of the judgment and for entry of judgment.

It is further ordered that these findings of fact and conclusions of law do not constitute a final judgment for the purposes of appeal.

## APPENDIX A

### UNCONTROVERTED FACTS

For purposes of the trial of this case, the following may be taken as true without further proof or authentication, subject to the right of any party to offer further evidence not inconsistent herewith and subject to the objections of any party to the introduction into evidence of any of the following stipulated exhibits:

A. The Fairmount Cemetery Association (hereinafter called the Association) is a corporation organized under the laws of the State of Colorado. The Association is engaged in the business

of providing cemetery and mausoleum facilities through the sale and maintenance of cemetery lots and mausoleum compartments and providing certain burial services. Its principal office is in the Security Building in Denver, Colorado. A copy of the Association's articles of incorporation may be offered as Stip. Ex.A; a copy of the Association's by-laws may be offered as Stip.Ex.B; copies of the Association's federal and Colorado income tax returns for the years 1960 and 1961 may be offered as Stip. Ex.C.

B. As part of its business, the Association sold and sells cemetery lots and mausoleum compartments; copies of some of the contracts and deeds with respect to such lots and compartments may be offered as Stip.Ex.D.

C. The Fairmount Mausoleum Endowment Fund is a trust created by trust agreement dated September 10, 1935 between the Association and The Denver National Bank, such trust being herein referred to as Mausoleum. Said trust agreement, together with all amendments thereto, may be offered as Stip.Ex.E. The Fairmount-Riverside Endowment Fund is a trust created by trust agreement dated September 12, 1918 between the Association and The Denver National Bank, such trust being herein referred to as Riverside. Said trust agreement, together with all amendments thereto, may be offered as Stip.Ex.F. The Fairmount Supplemental Endowment Fund is a trust created by trust agreement dated February 14, 1950 between the Association and The Denver National Bank, such trust being referred to herein as Supplemental. Said trust agreement may be offered as Stip.Ex.G.

D. The plaintiff, Denver United States National Bank, is a national banking association authorized by law to administer trusts, with its principal place of business located at 1740 Broadway, Denver, Colorado, 80202. As successor to The Denver National Bank, it is and was during the taxable years here involved, the duly acting trustee of the three trusts.

E. The plaintiff, as trustee, filed United States fiduciary income tax returns (Treasury Form 1041) for the years in suit for each trust respectively, which returns may be offered as exhibits as follows:

| | |
|---|---|
| Stip. Ex. H | Mausoleum 1961 |
| Stip. Ex. I | Riverside 1961 |
| Stip. Ex. J | Supplement 1960 |
| Stip. Ex. K | Supplement 1961 |

F. On each of these returns, the plaintiff reported ordinary income, for each trust, in the form of dividends and interest, which amounts were included in gross income and then deducted as "distributions to beneficiaries". On each of these returns, the plaintiff reported net long term capital gains which it included in gross income; from these amounts, plaintiff deducted the 50% long term capital gain deduction and the $300 trust exemption, leaving a balance of taxable income on which it reported and paid income tax as follows:

| Trust | Year | Taxable Income | Tax |
|---|---|---|---|
| Mausoleum | 1961 | $15,100.02 | $4,777.01 |
| Riverside | 1961 | 17,929.70 | 6,164.85 |
| Supplemental | 1960 | 796.39 | 159.28 |
| Supplemental | 1961 | 5,701.70 | 1,282.44 |

On the return for Supplemental for 1961, plaintiff also deducted $7.84 as property tax, this being the only deduction taken, except for those already noted, for all the returns in issue.

G. Plaintiff filed timely claims for refund of the amounts assessed and paid with respect to the aforementioned returns, which claims were not allowed. This action was timely filed, thereby

giving the Court jurisdiction as noted in paragraph I, *supra*.

H. The Association is stockholder owned and is taxable for federal income tax purposes. It operates and maintains the Fairmount Cemetery and the Fairmount Mausoleum in the City and County of Denver and the Riverside Cemetery in Adams County, all in the State of Colorado. The three trusts are not required by their terms to distribute capital gain income to the Association. As noted in paragraph III, *supra*, the ultimate issue is whether these trusts are taxable on that portion of their capital gains after the 50% deduction and the $300 exemption.