**FIRST NATIONAL BANK OF WACO,**
Trustee of Waco Memorial Park
Perpetual U/A, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. W–70–CA–2.

United States District Court,
W. D. Texas,
Austin Division.

Dec. 8, 1970.

William D. Jordan & Sam Winstead, Dallas, Tex., for plaintiff.

Eugene G. Sayre, Atty. Tax Division, Dept. of Justice, Fort Worth, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERTS, District Judge.

This action was submitted to the Court on an agreed stipulation of facts, depositions, briefs and the oral arguments of counsel. After having considered the evidence and arguments of counsel, the Court makes findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. The Waco Memorial Park, Incorporated, is a Texas corporation which owns and operates a cemetery just south of Waco, Texas. This cemetery is operated for profit. The corporation was formed July 31, 1947.

2. The First National Bank of Waco is trustee of a trust fund established by the Waco Memorial Park, Inc., on August 23, 1947, for the perpetual care of its cemetery. The trust in question has no officers or directors and is administered solely by the trust officer and trust committee of the plaintiff bank.

3. Pursuant to the terms of the trust instrument, Waco Memorial Park, Inc., paid over to the bank, during each of the years in suit, $17 for each lot sold in its cemetery. This $17 was added to the corpus of the perpetual care trust fund. The bank's trust committee has invested the corpus of the trust, and, for each of the years in suit, has paid all of the income received by the trust to Waco Memorial Park, Inc.

4. The cemetery corporation has paid tax on all the income distributed to it by the trust, and added these funds to its general operating fund. During the period in suit, securities held in the corpus of the trust were sold by the trustee and the trust realized net capital gains from such sales, which were added to the trust corpus. It is the tax on these capital gains which is at issue in this case.

5. The cemetery operated by Waco Memorial Park, Inc., consists of approximately 140 acres, of which 40 acres are presently developed. The cemetery corporation is required to maintain the cemetery by force of state law, as well as by the terms of the agreement contained in its standard purchase agreement for burial spaces. Waco Memorial Park has no lot holders association, and the entire burden of maintaining the cemetery is carried out by the cemetery corporation.

6. The cemetery corporation advertises daily in the local papers, but the actual selling of lots in the cemetery is contracted out to a corporation which specializes in selling cemetery property. This cemetery sales corporation uses telephone solicitation, house-to-house solicitation, and other methods in procuring purchasers for cemetery lots in Waco Memorial Park. The perpetual care feature of the cemetery is touted by the sales corporation in its selling activities. Because of its intensive sales program, the vast majority of lots sold in Waco Memorial Park are sold on a pre-need, rather than a need, basis.

7. The corporation's president testified that the income received by Waco Memorial Park, Inc., from the perpetual care trust during the years in suit did not exceed the amount expended by the cemetery corporation for maintenance of the cemetery.

8. The officers of Waco Memorial Park, Inc., during the years in suit were Clyde H. England, president; Blanche E. Williams, vice president; and Arthur J. Williams, Jr., secretary-treasurer. The company's board of directors was comprised of the same three people, who also owned the majority of the stock in this corporation. Dividends were paid by the corporation for each of the years in suit, with the exception of the fiscal year ending July 31, 1963.

9. In 1967, the perpetual care trust made application to the Internal Revenue Service to be declared a cemetery company, pursuant to Section 501(c)(13) of the Internal Revenue Code of 1954, and therefore exempt from federal income taxation. The Internal Revenue Service denied this application.

10. Thereafter, the plaintiff filed fiduciary income tax returns for the trust for each of the years in suit and paid the tax shown due thereon. The plaintiff then filed timely claims for refund for each of the years involved. These claims for refund were denied by notices of claim disallowance, forwarded to plaintiff by certified mail.

11. Any conclusion of law that is deemed to be a finding of fact is hereby adopted as a finding of fact.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this matter by virtue of 28 U.S.C., Section 1346(a) (1), and venue is proper pursuant to 28 U.S.C., Section 1402(a) (1).

■ 2. The Waco Memorial Park, Inc., is a company operated for profit. It receives yearly payments from the perpetual care trust fund administered by the plaintiff and uses this money to defray part of its maintenance expenses. Therefore, the perpetual care trust fund directly benefits a business operated for profit, and must be deemed to be a functional part of that business. As such, it fails to qualify as a tax-exempt cemetery corporation, as that term is used in Section 501(c) (13) of the Internal Revenue Code of 1954. Rosehill Cemetery Co. v. United States, 285 F.Supp. 21 (N.D.Ill., 1968); Mercantile Bank & Trust Co. v. United States, 312 F.Supp. 1164 (W.D.Mo., 1970); Evergreen Cemetery Ass'n. of Seattle v. United States, 302 F.Supp. 720 (W.D.Wash., 1969); Rev.Rul. 64–217, 1964–2 Cum.Bull. 153.

3. Whenever a perpetual care trust fund is administered in conjunction with a non-profit cemetery, it is considered to be exempt from federal income taxation because it benefits, and is functionally a part of, a company not operated for profit. However, whenever a perpetual care trust fund is administered in conjunction with a cemetery operated for profit, it must be considered, for purposes of determining its tax-exempt status, a functional part of that company, and therefore, it cannot achieve a separate tax-exempt status. The Court has reviewed two decisions to the contrary, Washington Trust Bank v. United States, 301 F.Supp. 713 (E.D.Wash., 1969) and Denver United States National Bank v. United States, 302 F.Supp. 801 (Colo., 1965), but does not find these cases persuasive on the issue now before the Court. Rather, the Court finds persuasive the reasoning of such cases as Rosehill Cemetery Co. v. United States, *supra*.

■ 4. Since the perpetual care trust fund benefits the Waco Memorial Park, Inc., a company operated for profit, it cannot be deemed to be operated exclusively for charitable purposes so as to qualify as a tax-exempt organization pursuant to Section 501(c) (3) of the Internal Revenue Code. Mercantile Bank & Trust Co. v. United States, *supra*.

■ 5. The Court also finds that the perpetual care trust may not deduct the net capital gains it receives as amounts permanently set aside for charitable purposes, pursuant to Section 642(c) of the Internal Revenue Code. That particular statute provides for the deduction from a trust's taxable income for that portion of the trust's income which "is to be used exclusively * * * for the establishment, acquisition, maintenance, or operation of a public cemetery *not operated for profit.*" Since the perpetual care trust fund in question is functionally a part of a cemetery company operated for profit, the trust does not qualify for the deduction allowed by Section 642(c).

6. Any conclusion of law that is deemed to be a finding of fact is hereby adopted as a finding of fact.

Judgment entered accordingly.